# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO PETERSEN-PALMA, also known as Hugo Leonel Petersen Palma,<br><br>                                  Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>                                  Respondent. | Case No.: 3:15-cv-1313-H-JMA<br><br>**MEMORANDUM DECISION** |

On June 5, 2015, the United States Court of Appeals for the Ninth Circuit transferred this petition to this Court pursuant to 8 U.S.C. § 1252(b)(5)(B) for de novo review of Petitioner Hugo Petersen-Palma's allegation that he is a citizen of the United States. (Doc. No. 1.)  On June 25, 2015, the Court scheduled a de novo hearing for August 26, 2015. (Doc. No. 5.)  On August 6, 2015, the Court continued the de novo hearing to December 15, 2015.  (Doc. No. 10 at 2.)  The Court held the de novo hearing on December 15, 2015. (Doc. No. 31.)  Mariana Hanna represented Petitioner, and Derek Julius and Zoe Heller represented Respondent.[1]  Petitioner participated in the hearing telephonically from Tensas

---

[1] The Court granted Petitioner's counsel's request to withdraw from the petition as of the conclusion of the de novo hearing.  Thus, Petitioner will now be proceeding pro se.

Parish Detention Center in Waterproof, Louisiana.

"The government 'bears the ultimate burden of establishing all facts supporting deportability by clear, unequivocal, and convincing evidence.'" Mondaca-Vega v. Lynch, No. 03-71369, 2015 WL 8755585, at *3 (9th Cir. Dec. 15, 2015) (quoting Chau v. INS, 247 F.3d 1026, 1029 n.5 (9th Cir.2001)). "When, however, the government offers evidence of foreign birth, a 'rebuttable presumption of alienage' arises, 'shifting the burden to the [alleged citizen] to prove citizenship.'" Mondaca-Vega, 2015 WL 8755585, at *3 (quoting Chau, 247 F.3d at 1029 n.5).

During the hearing, Respondent submitted an authenticated copy of a Guatemalan birth registration indicating that Hugo Leonel Petersen Palma was born to María Dorotea Palma Bojorgues at Roosevelt Hospital in Guatemala, Guatemala, Guatemala on November 8, 1966. The Court received the birth registration and its authenticating documents as Exhibit 1. Respondent also submitted certified translations of the birth registration and its authenticating documents, which the Court received as Exhibits 1A and 2.[2]

On September 29, 2015, the Court issued an order in which it stated, "At the hearing, both Petitioner and Respondent may submit evidence. If Petitioner does not cooperate with the proceedings or declines to submit evidence to rebut Respondent's evidence, the Court may rule against Petitioner." (Doc. No. 16 at 2.) The Court directed Petitioner's counsel to send a copy of that order to Petitioner. (Id.) Petitioner did not submit contrary evidence at the hearing.[3]

---

[2] Respondent also filed the birth registration, authenticating documents, and translations on the docket on October 15, 2015. (Doc. No. 24.) The Court directed Petitioner's counsel to forward those documents to Petitioner. (Doc. No. 16.) At the hearing, Petitioner's counsel indicated that she had forwarded the documents. Thus, Petitioner had the opportunity in advance of the hearing to review the evidence that would be presented against him.

[3] Petitioner has been anticipating this hearing for more than two years: he requested that the Ninth Circuit transfer his petition to the district court for a de novo hearing in a brief he filed on April 8, 2013. (Petitioner's Response to Respondent's Opposition to Transfer to District Court, Petersen-Palma v. Holder, 12-72776, at 9 (9th Cir. Apr. 8, 2013).)

The birth registration submitted by the government is properly authenticated, and it bears Petitioner's name and the same date of birth as Petitioner claimed in proceedings before the Ninth Circuit. (Petitioner's Response to Respondent's Opposition to Transfer to District Court, Petersen-Palma v. Holder, 12-72776, at 2 (9th Cir. Apr. 8, 2013).) Accordingly, the Court finds that the birth registration is authentic and that it pertains to Petitioner.

The birth registration submitted by Respondent constitutes sufficient "evidence of foreign birth" to shift the burden of proof to Petitioner. Mondaca-Vega, 2015 WL 8755585, at *3. Petitioner did not submit any evidence to rebut Respondent's evidence. Thus, the Court concludes that Respondent has met its burden to prove by "clear, unequivocal, and convincing evidence" that Petitioner was born in Guatemala and that he is a citizen of Guatemala and not of the United States. See id.

The Court directs the Clerk to enter this memorandum decision, transmit a copy to the Ninth Circuit, furnish copies to the parties, and close the case.

**IT IS SO ORDERED.**

DATED: December 16, 2015

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT